10-2248-ag
Jiang v. Holder

BIA
Montante, IJ
A088 742 114

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of July, two thousand eleven.

PRESENT:

     ROGER J. MINER,
     REENA RAGGI,
     RICHARD C. WESLEY,
        *Circuit Judges.*

_____

Bing Fang Jiang,
     *Petitioner,*

     v.                          10-2248-ag
                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:     Oleh Roman Tustaniwsky, Brooklyn, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Stephen J. Flynn, Assistant Director; Annette M. Wietecha, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bing Fang Jiang, a native and citizen of China, seeks review of a May 20, 2010 order of the BIA affirming the May 2, 2008 decision of Immigration Judge ("IJ") Philip J. Montante, Jr. denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bing Fang Jiang*, No. A088 742 114 (B.I.A. May 20, 2010), *aff'g* No. A088 742 114 (Immigr. Ct. Buffalo, N.Y. May 2, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the BIA's factual findings for substantial evidence, treating those findings as conclusive unless a reasonable adjudicator would be compelled to conclude to the contrary, and review questions of law *de novo*. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the agency's adverse credibility determination in this case.  The agency reasonably considered Jiang's inconsistent testimony regarding whether she entered the United States by paying a smuggler and whether her purported mistreatment occurred in December 2005, June 2006, or July 2006.  Although Jiang attempted to explain these inconsistencies as resulting from nervousness and her affidavit having been mistranslated, the agency was not compelled to accept those explanations.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original; internal quotation marks omitted)).

The agency also reasonably found Jiang not credible based on her failure to include in her asylum application the purported incident of having been tied to a pole by villagers for practicing Christianity.  This incident was central to her asylum claim, and there was ample space on the application for her to provide relevant information. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)(per curiam) (holding that petitioner's failure to

3

include length of his detention in asylum application supported IJ's adverse credibility determination).[1] Together, these inconsistencies and omissions provide substantial evidence   supporting the agency's adverse credibility determination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Moreover, because Jiang's applications for asylum, withholding of removal, and CAT relief share the same common factual basis, the agency did not err in denying all three forms of relief based on its adverse credibility determination.  *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for

---

[1] Jiang's reliance on *Secaida-Rosales v. INS*, 331 F.3d 297 (2d Cir. 2003) is misplaced.  The REAL ID Act abrogated *Secaida-Rosales*'s holding that the agency cannot base its credibility determination solely on "[i]nconsisties of less than substantial importance." *Id.* at 308; *see* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because Jiang's application, filed after May 2005, is governed by the REAL ID Act, *see Matter of S-B-*, 24 I. & N. Dec. 42, 45 (B.I.A. 2006), the agency may base its adverse credibility finding on inconsisties that do not go to the heart of Jiang's asylum claim, *see Xiu Xia Lin*, 534 F.3d at 163-64, 167.

4

oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk